IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Anthony R. Carter,

Petitioner,

v.

Warden Lee Correctional Institution,

Respondent.

Case No.: 6:20-cv-2572-SAL

**OPINION AND ORDER**

This matter is before the court for review of the July 27, 2021 Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.) (the "Second Report"). [ECF No. 55.] The magistrate judge's Second Report recommends the district court grant Respondent's amended motion for summary judgment. *Id.* For the following reasons, the Court adopts the Second Report in its entirety.

**PROCEDURAL POSTURE**

On December 23, 2020, Respondent filed a return and motion for summary judgment. [ECF Nos. 21, 22.] By order of this court filed December 23, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. [ECF No. 23.] Despite this explanation, Petitioner did not to respond to the motion for summary judgment. Accordingly, the Magistrate Judge issued a March 3, 2021 Report and Recommendation (the "First Report") recommending dismissal of this action for failure to prosecute. [ECF No. 27.]

On March 18, 2021, Petitioner filed a motion for extension of time to file a response to Respondent's motion for summary judgment. [ECF No. 29.] The Court granted the motion, giving

Petitioner until April 22, 2021, to file a response. [ECF No. 31.] On April 16, 2021, Petitioner filed a motion for copies at no expense and second motion for extension of time. [ECF No. 35.] The Court granted the second motion for extension of time, extending the deadline to May 19, 2021, and noting that no further extensions would be granted absent extraordinary circumstances. [ECF No. 36.] On May 21, 2021, Petitioner filed a response. [ECF No. 38.] Accordingly, the Court declined to adopt the First Report, ECF No. 27, and recommitted the matter to the magistrate judge.

On June 9, 2021, Respondents filed an amended return and motion for summary judgment, ECF Nos. 42, 43, thereby rendering Respondent's original motion for summary judgment, ECF No. 22, moot. By order of this court filed June 10, 2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. [ECF No. 50]. Because the amended motion for summary judgment contained no substantive changes, Petitioner was advised that he could rely on his response to the original motion for summary judgment if he notified the court in writing within 31 days. [ECF No. 49.] On July 6, 2021, Petitioner filed a response indicating that he would rely on his previously filed response. [ECF No. 52.]

On July 27, 2021, the magistrate judge filed the Second Report on this matter recommending that Respondent's amended motion for summary judgement be granted. [ECF No. 55.] Objections to the Second Report were due on August 10, 2021. *Id.* On August 18, 2021, Petitioner filed a motion to dismiss his petition for writ of habeas corpus without prejudice, ECF No. 57, and Respondent filed a response in opposition on August 30, 2021, ECF No. 59. However, on September 10, 2021, Petitioner filed a motion indicating his "wish to respond with [his] objections" to the Second Report and requesting an extension of time in which to do so. [ECF No.

61.] Despite the late-filed motion, the court granted Petitioner's request and extended Petitioner's deadline to file a response to October 13, 2021. [ECF No. 62.] As of the date of this order, Petitioner has not filed a response to the Second Report.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

In the Second Report, the Magistrate Judge recommended the district court grant Respondent's amended motion for summary judgment, ECF No. 43, on all grounds. [ECF No. 55.] After the Second Report, Petitioner was given an extension of time to file an objection but has failed to do so. Accordingly, the Court reviews the Second Report for clear error and, finding none, adopts the Report in its entirety and grants Respondent's amended motion for summary judgment.

Although this ruling renders Petitioner's motion to withdraw his petition for writ of habeas corpus, ECF No. 57, moot, the Court finds that denial of the motion would be appropriate regardless as allowing voluntary dismissal without prejudice at this stage would substantially prejudice Respondent. *See* Fed. R. Civ. P. Rule 41(a)(2); *Miller v. Terramite Corp.*, 114 F. App'x

536, 540 (4th Cir. 2004) ("In deciding a Rule 41(a) motion, a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996))). In the instant case, Petitioner has failed to file an objection to the Second Report, this matter is ripe for review, and if Petitioner brings this action again in a subsequent habeas corpus proceeding Respondent will have to re-file its amended return and move a third time for summary judgment. Moreover, the court does not find the alleged "discovery of new events and issues that will eventually be [brought for] review [by] this court" and "discovery of state subject matter jurisdiction claims that are now to be heard in the Petitioner's subsequently filed PCR application," ECF No. 57 at 1, warrant voluntary dismissal or establish a lack of subject-matter jurisdiction.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, ECF No. 55, and incorporates the Report by reference herein. Accordingly, Respondent's Amended Motion for Summary Judgment, ECF No. 43, is **GRANTED**. As such, Petitioner's Motion to Dismiss without prejudice, ECF No. 57, is **DENIED** as moot.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 Cases.[1]

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any

**IT IS SO ORDERED.**

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

November 16, 2021
Florence, South Carolina

---

dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."